JACOB S. MERRILL, Respondent, *vs.* WILLIAM S. STEWART, Appellant.

1. *Instructions must rest on evidence.*—An instruction not founded upon the evidence is rightly refused.

*Appeal from St. Louis Circuit Court.*

*J. H. Wieting, with W. S. Stewart,* for Appellant.

*Lee & Adams,* for Respondent.

HOUGH, Judge, delivered the opinion of the court.

This was an action against D. B. Blakely, Jr., as maker, and W. S. Stewart as indorser of a certain promissory note. At the trial the plaintiff dismissed as to Blakely.

The defendant, Stewart, in his answer, alleged that the note sued on " was given to plaintiff for the purpose of taking up and discharging a note for $300 which plaintiff then held, which said note was made by David Blakely, Jr., and Wm. J. Drumhill and indorsed by this defendant and one G. M. Stewart as co-sureties; that at the date of the indorsement sued on in this case, the said note for $300 had become, and was due' and payable; that said plaintiff agreed with defendant, Stewart, that if he would indorse the note sued on in this case for the purposes aforesaid, he would secure the indorsement of the said G. M. Stewart upon the same as co-surety with him, and that he would discharge him, the said Wm. S. Stewart, from his own liability upon the note which this was given to discharge; that thereupon and in consequence of said agreement, and in consideration that said G. M. Stewart was to become a co-surety, and indorser with said defendant, he did indorse said note as alleged. This defendant further says that thereupon plaintiff released the said G. M. Stewart from his liability on the note he had indorsed, and for which this note was given, and discharged him from liability for or on account of said note; that plaintiff never did procure the indorsement of the said G. M. Stewart on the note sued on in this case, nor did he ever attempt or try to

procure the same, and that said note and contract was never executed as agreed upon by the parties; that thereby the consideration for which said defendant indorsed this note has wholly and entirely failed, wherefore defendant prays to be dismissed," etc. The plaintiff's replication denied the foregoing allegations in defendant's answer.

The following instruction asked by the defendant was refused by the court and defendant excepted: "If the court sitting as a jury, finds from the evidence that defendant, William S. Stewart, indorsed the note sued on to plaintiff for the purpose of renewing another note for $300, dated June 2, 1870, and held by plaintiff and due at the date of his indorsement of the note sued on, upon which note this defendant and one G. M. Stewart were jointly or severally liable, with the agreement with the plaintiff that he should not release the said G. M. Stewart from his liability on account of his said indorsement, and the plaintiff did then or thereafter release the said G. M. Stewart of his said liability, then the defendant is not liable in this action."

No instructions were given for plaintiff. There was a finding and judgment for the plaintiff which was affirmed at General Term, and defendant has appealed to this court.

There was neither allegation nor proof of any agreement between the plaintiff and defendant, that defendant would indorse the note sued on, upon the condition that G. M. Stewart was not to be released from liability on the first note, and the instruction was therefore rightly refused. The instruction given at the instance of the defendant, properly declared the law upon the evidence applicable to the issues made by the pleadings, and there being no error in the record, the judgment is affirmed; all the judges concur.